# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| STATE OF WASHINGTON, | DIVISION ONE |
| --- | --- |
| Respondent, | No. 84662-1-I |
| v. | UNPUBLISHED OPINION |
| DAVID C. BELZER, | |
| Appellant. | |

DWYER, J. — David Belzer appeals from the order denying his motion to vacate the record of his criminal conviction. He contends—and the State concedes—that the order should be vacated in light of our Supreme Court's decision in State v. Hawkins, 200 Wn.2d 477, 519 P.3d 182 (2022). We agree. Accordingly, we remand this matter to the trial court to exercise its discretion consistent with Hawkins.

I

In December 2017, Belzer pleaded guilty to one count of attempted promoting prostitution in the second degree, a gross misdemeanor. In June 2022, Belzer moved for vacatur of his conviction pursuant to RCW 9.96.060(2). At a September 2022 hearing, Belzer asserted—and the State conceded—that he satisfied the threshold eligibility requirements to request that the trial court vacate the record of his conviction. Nevertheless, the State urged the court to

exercise its discretion under the vacatur statute to deny Belzer's motion in light of the facts underlying his conviction.

The trial court denied Belzer's motion, finding that "based on the particular facts of this case . . . it would not be reasonable nor appropriate and against public policy to vacate Mr. Belzer's conviction, and I am exercising my discretion not to do so."

Belzer appeals.

II

RCW 9.96.060(2) provides that

[e]very person convicted of a misdemeanor or gross misdemeanor offense may apply to the sentencing court for a vacation of the applicant's record of conviction for the offense. *If the court finds the applicant meets the requirements of this subsection, the court may in its discretion vacate the record of conviction.*

(Emphasis added.)

In Hawkins, the Washington Supreme Court held that a trial court abused its discretion under a felony vacatur statute by basing its denial of vacatur solely on the facts underlying the applicant's conviction.[1]  200 Wn.2d at 498.  The court instructed that the statute, read as a whole, "focuses on whether the applicant currently demonstrates rehabilitation.  Thus, in deciding a motion to vacate, the court may not rely solely or even primarily on facts about the underlying crime and it may not treat the qualifying conviction as a bar to vacatur."  Hawkins, 200 Wn.2d at 494.  Instead, the court explained, the trial court must treat the

---

[1] The court issued its decision in Hawkins one month after the trial court's denial of Belzer's motion.  See 200 Wn.2d 477.

underlying conviction as one of the prerequisites for vacatur, after which the trial court

> must then exercise its discretion by considering information about whether the defendant has shown sufficient rehabilitation since the time of the crime.
> Information relevant to rehabilitation will be specific to each individual and each crime. For example, if the individual has a substance abuse problem that contributed to the crime, information that they have taken steps to address that problem will be relevant to rehabilitation. Likewise, if the individual has mental health issues or an anger management problem, evidence that they have addressed those issues will be relevant.

Hawkins, 200 Wn.2d at 497.[2]

On appeal, Belzer contends—and the State concedes—that in light of the Supreme Court's ruling in Hawkins, the trial court abused its discretion and its order should be vacated. We agree.[3]

Belzer next contends, however, that the proper remedy in light of the trial court's abuse of discretion is vacatur of his conviction. We disagree. In Hawkins, the Supreme Court vacated the order and remanded the matter "to the trial court to exercise its discretion consistent with this opinion." 200 Wn.2d at 502. We afford the same remedy to Belzer.[4]

Reversed and remanded.

---

[2] The matter before us concerns RCW 9.96.060, the misdemeanor vacatur statute. The Supreme Court's decision in Hawkins involved the interpretation of RCW 9.94A.640, the felony vacatur statute. 200 Wn.2d at 489-93. Similar language and logic underpin each of these statutes, and as pertinent to the matter on appeal, we interpret RCW 9.96.060 similarly.

[3] Belzer further contends that the trial court erred by relying on the probable cause statement in making its decision. We disagree. In Hawkins, the Supreme Court stated that "[t]he plain language of the statute does not bar the court from considering a probable cause certification, whether or not the defendant stipulated to its consideration for sentencing purposes. Indeed, the statute does not bar the court from considering *any* specific source of information." 200 Wn.2d at 493 (footnote omitted).

[4] Belzer submitted additional arguments in his briefing. Because of our resolution of this matter, these claims are now moot, and we decline to address them.

_Dwyer, J._

We concur:

_Birk, J._     _Mann, J._